UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, <br><br>                                      Petitioners, <br><br> -against- <br><br> FRANCO'S BLINDS & SHADES INC. A/K/A FRANCO BLINDS & SHADES, INC., <br><br>                                      Respondent. | 23-CV-5884 (JGLC) <br><br> **OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Petitioners, a group of employee funds, bring this petition to confirm an arbitration award against an employer, Franco's Blinds & Shades Inc. ("Respondent") rendered pursuant to the parties' collective bargaining agreement (the "CBA"). To this date, the Petition is unopposed. The Court is satisfied that the arbitrator was acting within the scope of his authority set forth in the CBA and therefore confirms the award. Thus, Petitioners' motion is GRANTED.

## BACKGROUND

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York ("Petitioners" or "Funds") have petitioned to confirm an arbitration award (the "Arbitration Award" or "Award") issued against

Respondent Franco's Blinds & Shades Inc. a/k/a Franco Blinds & Shades, Inc ("Respondent"). The petition to confirm the Arbitration Award (the "Petition") is unopposed. Respondent did not appear at the underlying arbitration hearing and has not appeared in this action or opposed confirmation of the Award.

I.      **Factual Background**

The facts below are set forth as stated in the Petition.

Petitioners are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act (ERISA), a charitable organization, and a New York not-for-profit corporation, respectively. Petitioners bring this action under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C. 185, to confirm and enforce the Award, which is an arbitration award that was rendered pursuant to a CBA executed by the New York City District Council of Carpenters (the "Union") and Respondent. ECF No. 1 ("Pet.") at 1–2.

On or about September 8, 2008, Respondent executed an agreement with the United Brotherhood of Carpenters and Joiners of America (the "International Agreement"). *Id.* ¶ 10. Written notice is required to terminate the International Agreement. ECF No. 1-1, Art. VIII. Neither the United Brotherhood of Carpenters and Joiners of America nor Respondent terminated the International Agreement. Pet. ¶ 12. Therefore, Respondent remained bound by the International Agreement. *Id*. The International Agreement requires that Respondent make employee contributions including "annuity, pension and/or health and welfare contributions" to the Funds in amounts identified in the CBA. ECF No. 1-1, Art. II. The International Agreement further provides that any disputes relating to the International Agreement "may be prosecuted in accordance with the grievance/arbitration procedure" of the Local Union Master Labor

2

Agreement. ECF No. 1-1, Art. VI. Here, the Local Master Labor Agreement is the CBA. Pet. ¶ 19.

The CBA further binds Respondent to documents, policies and regulations adopted by the Funds' Trustees. ECF No. 1-2 (the "CBA"), Art. XV. Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions. *See* ECF No. 1-7 (the "Collection Policy"). The Collection Policy provides that "legal action to collect delinquencies shall generally be in the form of arbitration." *Id*. § VI. Additionally, both the CBA and the Collection Policy provide that the Funds can conduct an audit. *Id*. § IV; CBA, Art. XV.

The CBA and the Collection Policy provide that in the event of arbitration over unpaid contributions, the Funds shall be entitled to collect: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2 percent; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20 percent of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred by the Funds for all time spent in collection efforts. CBA, Art. XV; Collection Policy § V.

Here, the Funds conducted an audit from September 26, 2020, to December 31, 2021, and found that Respondent failed to remit contributions in the principal amount of $5,635.62 owed to the Funds. *See* ECF No. 1-8. A dispute arose when Respondent declined to pay the audit findings. Pet. ¶ 23. Petitioners initiated arbitration of the dispute before arbitrator Steven Kasarda. *Id.* ¶ 24. On April 18, 2023, Arbitrator Kasarda held a hearing and rendered an award. ECF No. 1-10 (the "Arbitration Award" or "Award," referred to previously). Arbitrator Kasarda found that Respondent violated the CBA when it failed to remit accurate contributions to the Funds and ordered Respondent to pay Petitioners $17,770.21. Award at 2–3. The Award found that Respondent owed (1) contributions of $5,635.62, (2) interest thereon of $687.45, (3)

liquidated damages of $1,127.12, (4) promotional fund contributions of $9.56, (5) court costs of $400, (6) attorneys' fees of $1,500, (7) arbitrator's fee of $1,000, (8) audit costs of $1,915.50, (9) pre-audit CBA rate differential of $4,522.10, and (10) CBA rate differential interest of $972.86. *Id.* Arbitrator Kasarda further determined that interest at the rate of 6.75 percent would accrue from the date the Award was issued. *Id.* at 3. On May 2, 2023, Respondent was served via certified mail with a letter demanding payment and compliance with the Award. *See* ECF No. 1-11. To this date, Respondent has failed to comply with the Award. Pet. ¶ 29.

**II.      Procedural History**

On July 10, 2023, Petitioners filed the Petition seeking confirmation of the Award. ECF No. 1. Petitioners seek: (1) confirmation of the Award of judgment in favor of Petitioners for $17,770.21, plus interest thereon at 6.75 percent from date of the issuance of the Award; (2) an award of $4,200.50 in attorneys' fees and $201.88 in costs arising out of this Petition; and (3) post-judgment interest at the statutory rate. ECF No. 17 ("Mem.") at 6, 10. The Petition and supporting papers were served through overnight and electronic mail upon Respondent on July 13, 2023. ECF No. 9. Additionally, on July 19, 2023, the Petition was served on Respondent by service on the Secretary of State of New York. ECF No. 10.

On October 27, 2023, Petitioners filed their motion for summary judgment to confirm the Arbitration Award. ECF No. 13. Petitioners served the summary judgment papers upon Respondent by overnight and electronic mail on the same day. ECF No. 18. To this date, Respondent has neither submitted an opposition to the Petition nor otherwise appeared in this action.

4

**LEGAL STANDARD**

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). "The LMRA establishes a federal policy of promoting industrial stabilization through the collective bargaining agreement, with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (internal quotation marks omitted). Thus, "a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *Id*. at 532. As a result, judicial review of such an arbitration award is "limited to determining whether the arbitration proceedings and award met the minimum legal standards established by the [LMRA]." *Id.* at 532. The Court "must simply ensure that the arbitrator was even arguably construing or applying the contract and acting within the scope of his authority and did not ignore the plain language of the contract." *Id.* (internal quotation marks omitted). Under this standard, "even if an arbitrator makes mistakes of fact or law, [a district court] may not disturb an award so long as [the arbitrator] acted within the bounds of his bargained-for authority." *Id*. In other words, "[a]s long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* at 537 (internal quotation marks omitted).

An unopposed petition to confirm an arbitration award is "akin to a motion for summary judgment." *D.H. Blair & Co*., 462 F.3d at 109. Although the Court grants significant deference to the arbitrator's decision, an unopposed confirmation petition must "fail where the undisputed

5

facts fail to show that the moving party is entitled to judgment as a matter of law." *Id*. at 110 (internal quotation marks omitted).

## DISCUSSION

There are no genuine issues of material fact that preclude confirmation of the Award. The record shows that Respondent was bound by the CBA, and in turn, the Collection Policy, which provides for disputes to be resolved through arbitration. Arbitrator Kasarda, consistent with his authority, rendered an Award applying the terms of the CBA. Seeing no reasons to disturb the Award, and given the significant deference owed to the arbitrator's decision, the Court confirms the Award. Petitioners are also entitled to interest, attorneys' fees and post-judgment interest.

### A.  The Award is Confirmed

In issuing the Award, Arbitrator Kasarda acted based on his authority in the Collection Policy. ECF No. 1-7 § VI(1). The Collection Policy provides that disputes will generally be resolved through arbitration and here, Respondent was given "legally sufficient notice" of the hearing with the arbitrator. *Id.*; Award at 2. Respondent did not appear at the hearing and Arbitrator Kasarda found Respondent to be in default. Award at 2. Furthermore, Arbitrator Kasarda found there was "substantial and credible evidence" to find Respondent delinquent under the CBA when Respondent failed to remit contributions. *Id.*

Arbitrator Kasarda's decision provides at least "a barely colorable justification" for confirmation of the Award. *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted). Arbitrator Kasarda applied the provisions of the CBA and "did not ignore the plain language of the contract." *Nat'l Football League Mgmt. Council*, 820 F.3d at 532 (internal quotation marks omitted). Pursuant to the CBA, Arbitrator Kasarda determined that Petitioners were entitled to

collect unpaid contributions to the Funds in addition to contributions that arose because of the delinquency. CBA, Art. XV; Award at 2.

In deciding the Award, Arbitrator Kasarda received in evidence a Summary Report of the audit of Respondent's estimated deficiencies, as well as testimony from the auditors. Award at 2. "Although Petitioners have not presented this Court with copies of all the materials on which the arbitrator relied, there is no reason to doubt the arbitrator's interpretation of those materials." *Trustees of Dist. Council No. 9 Painting Indus. Ins. Fund v. City Newark Glass*, No. 23-CV-3303 (JPC), 2024 WL 2092003, at *3 (S.D.N.Y. May 9, 2024) (internal quotation marks omitted). The Court finds that based on the record provided, together with the limited review that is appropriate, there is at least "a barely colorable justification for the outcome reached." *D.H. Blair & Co.*, 462 F.3d at 110. As such, the Court confirms the damages awarded.

The Court also awards interest from the date of the issuance of the Award. "The Second Circuit has noted that in the context of actions to confirm arbitration awards there is 'a presumption in favor of prejudgment interest.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc.*, No. 16-CV-6004 (GHW), 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.,* 737 F.2d 150, 154 (2d Cir. 1984)). "Accordingly, district courts in this Circuit have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Id.* Here, the CBA indicates that the "arbitrator's award . . . shall be final and binding upon the parties." CBA, Art. XV. Thus, the Court awards interest to Petitioners at the annual rate of 6.75 percent (as set forth in the Award, *see* Award at 3) from April 18, 2023 through the date of the entry of judgment.

7

Petitioners' application is timely and the statutory requirements for confirming the Award have been met. *See* 9 U.S.C. § 9 (requiring that a petition to confirm an arbitration award be made "within one year after the award is made" and that "the court must grant such an order unless the award is vacated, modified, or corrected"). Arbitrator Kasarda's Award was issued on April 18, 2023, and Plaintiffs filed the instant petition to confirm the Arbitration Award on July 10, 2023. *See* Pet.; Award at 3. Petitioners properly filed the petition within one year of the Award, and the Award has not been vacated, modified, or corrected. *See* Pet. ¶ 30.

Accordingly, the Court confirms Petitioners' timely application for confirmation of the Award plus interest thereon from date of the issuance of the Award.

### B. Petitioners' Attorney's Fees are Reasonable at Reduced Hourly Rates

The Court finds that an award of attorneys' fees and costs for Petitioners' efforts to confirm the Award is proper. In support of their application for attorneys' fees, counsel for the Petitioner, Virginia & Ambinder, LLP ("V&A") submitted an invoice for 15.9 hours of associate and legal assistant time billed at a rate of $310 per hour and $155 per hour respectively; V&A determined the total billing amounted to $4,200.50. *See* ECF No. 15-2. Additionally, V&A has incurred $201.88 in service fees and costs in connection with the Petition, excluding the $400 court costs as part of the award. *Id.*; ECF No. 16 ¶ 32. The attorney's fees sought by the Petitioners are also recoverable under the CBA. The CBA provides that in the event that the Funds initiate judicial proceedings to collect delinquent contributions, and prevail in that litigation, the employer shall pay reasonable attorneys' fees and costs. CBA, Art. XII § 4. In addition, the Collection Policy states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts . . . ." ECF No. 1-7 § VI(6).

Courts in the Southern District of New York have previously approved hourly rates for V&A. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Dame Contracting, Inc.*, 23-CV-5254 (NJC), 2024 WL 2293831 at *7 (S.D.N.Y. May 21, 2024) (awarding $275 for V&A associates and observing that the rate charges was reasonable); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Blackstar Mech. Grp. 740 Inc.*, 23-CV-3163 (JPC), 2024 WL 1988327 at *5 (S.D.N.Y. May 6, 2024) (awarding attorneys' fees for V&A associates but at a reduced hourly rate). Furthermore, this Court has "routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, No. 13-CV-5096 (KPF), 2013 WL 6498165 at *6 (S.D.N.Y. Dec. 11, 2013) (quotation omitted). Here, Respondent has failed to appear or defend this action and has not justified its failure to abide by Arbitrator Kasarda's decision.

Maura Moosnick, a 2021 graduate of Fordham Law School and an associate at V&A, billed 7.2 hours in this matter at a rate of $310 per hour. Pet. ¶ 35; *see* ECF 15-2. Matthew Vani, a 2022 graduate of St. John's University School of Law and an associate at V&A, billed 4 hours in this matter at a rate of $310 per hour. Pet. ¶ 36; *see* ECF 15-2. In line with other courts in this District, the Court reduces Moosnick's rate to $275 per hour. *See Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Precision Furniture Installations, LLC*, No. 23-CV-2852 (JHR), 2024 WL 1381309, at *8 (S.D.N.Y. Apr. 1, 2024) (collecting cases) ("The latter rate [of $275 per hour] is the more appropriate one for associates with Ms. Moosnick's experience . . . ."); *Blackstar Mech. Grp. 740 Inc.*, 2023 WL 8644513, at *6 (also determining that $275 was the appropriate rate for Moosnick). The rate of $275 per hour is also appropriate for Vani. *See Dame*

*Contracting, Inc.*, 2024 WL 2293831 at *7 (determining that $275 was a reasonable rate for Vani in a similar case).

The two legal assistants together billed 4.7 hours in this matter at a rate of $155 per hour. *See* ECF 15-2. Courts in this District have found $155 "to be reasonable for similar, if not identical, services by such individuals." *Precision Furniture Installations*, 2024 WL 1381309, at *8 (quoting *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Blue Moon Health Mgmt. LLC*, No. 22-CV-1807 (KPF), 2022 WL 16578119, at *6 (S.D.N.Y. Oct. 31, 2022)); *see, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. All Aces Corp.*, 23-CV-9929 (JPC), 2024 WL 1884701, at *5 (S.D.N.Y Apr. 30, 2024) (finding $155 per hour rates for legal assistants to be reasonable). The Court therefore approves the requested $155 hourly rate for V&A's legal assistants.

Petitioners' request for attorneys' fees in connection with this litigation is granted, albeit at the reduced rates discussed above. Therefore, the Court awards Petitioners $3,808.50 in attorneys' fees. Additionally, in this District, court costs for service fees are routinely permitted. *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-CV-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court also awards $201.88 in costs consisting of service fees incurred.

### C.  Petitioners are Entitled to Post-Judgment Interest

The Court also awards post-judgment interest at the statutory rate "from the date of the entry of the judgment." 28 U.S.C. § 1961(a). *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. CEI Contractors Inc.*, No. 21-CV-7870 (JPC), 2022 WL 3225680, at *6 (S.D.N.Y.

Aug. 10, 2022) (finding that post-judgment interest will accrue at the statutory rate); *Regal USA Concrete Inc.*, 2023 WL 8644513, at *7 (same).

## CONCLUSION

For the reasons stated above, the Petition to confirm the Award is GRANTED. The Clerk of the Court is respectfully directed to enter judgment of: (1) the Award of $17,770.21, in addition to pre-judgment interest accrued at 6.75 percent from April 18, 2023 through the date of the entry of judgment; (2) $4,010.38 in attorneys' fees and costs in connection with this litigation; and (3) post-judgment interest that will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate ECF No. 13.

Dated: June 28, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge